# United States District Court
# Northern District of Alabama
# Southern Division



| | | |
|---|---|---|
| Warren Eugene Richardson, Sr., | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV-01-N-1435-S |
| | ] | |
| United States of America, | ] | |
| | ] | |
| Defendant(s). | ] | |

**ENTERED**
**OCT 11 2002**

### Memorandum of Opinion

### I.   Introduction

Before the court is the defendant's motion for summary judgment, filed June 2, 2002. [Doc. #7]. Though allowed an adequate opportunity to do so, the plaintiff has not responded to the motion. *See*, Document # 3, the initial order entered on August 8, 2001. Accordingly, the court considers the matter ripe for determination. Upon due consideration, the motion is due to be granted in all respects.

### II.   Statement of Facts[1]

Plaintiff, William Eugene Richardson, Sr. (hereinafter "Richardson"), filed his Complaint on June 5, 2001, alleging medical malpractice on the grounds that agents, servants and employees of the United States of America and agents, servants and employees of the Birmingham, Alabama, Veteran's Administration Medical Center fell

---

[1] In developing the statement of facts in this opinion, the court considered those facts claimed to be undisputed by the parties, the parties' respective responses to those claims, and the court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *Cox v. Administrator U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994), *cert. Denied*, *USX Corp., v. Cox*, 114 S. Ct. 900 (1995).



below the standard of care required of them in the care and treatment of Richardson, during and in connection with coronary artery bypass surgery in June 1997. [Doc. # 1, Complaint at ¶ 3]. Dr. William Holman, an agent of the Defendant, the United States of America, performed the surgery. During the surgery an experimental drug, namely perfluorocarbon chemical, was employed as a red blood cell substitute. [Complaint at ¶ 4]. Subsequent to the surgery, Richardson developed marked edema. As a result of the edema and other complications, he suffered a brain injury and vision loss in both eyes. [*Id.*]. Richardson also claims that as a result of bacterial contamination and the effect of the perfluorocarbon, he developed a methicillin resistant Staphyloccocus aureus infection. [*Id.*]. Subsequently, Richardson filed a timely claim with the United States Attorney General's office, Veteran's Administration, and United States Attorney for the Northern District of Alabama. [*Id.* at ¶ 5].

The Court's Scheduling Order of September 24, 2001, required Plaintiff to provide Rule 26 (a) (2) (B) expert reports by March 1, 2002. [Doc. #5]. To date, Richardson has failed to produce any Rule 26 expert reports or otherwise produce credible or admissible evidence of any breaches of the medical standards of care or causation. [Def. Ex. 3 and 4 (showing disclosures to date)]. Richardson's November 14, 2001, deposition, and deposition of his wife, Dinah Richardson, offer suggestions as to the cause of the Plaintiff's condition but, neither provides any substantial evidence of any breaches of the standards of care or medical causation required to establish a claim under the Alabama Medical Liability Act, *Ala. Code*, § 6-5-480. [Def. Ex. 5 and 6].

On the other hand, the defendant has provided the sworn declaration of Dr. William Holman, in which he asserts that there is no evidence of the breach of any standards of care

2

or evidence of causation in the care and treatment of Richardson. Dr. Holman was Richardson's treating surgeon and cardiologist. [Def. Ex. 4].

### III. Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotations omitted); *see also Crawford-El v. Britton*, 523 U.S. 574, 600 n.22 (1998). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Once the moving party has met this burden, "the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

The court must grant a motion for summary judgment if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249 (citations omitted); *accord Dzikowski v. NASD Regulation, Inc. (In re Scanlon)*, 239 F.3d 1195, 1198 (11th Cir. 2001); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). In rendering its decision, "[a] court 'must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'" *Hinson v. Clinch County Bd. of Educ.*, 231 F.3d 821, 826-27 (11th Cir. 2000) (quoting *Reeves*, 530 U.S. at 150).

**IV.    Discussion**

The Federal Tort Claims Act (hereinafter, "FTCA"), 28 U.S.C. §§ 1346 (b), 1402 (b), 2401 (b), 2402, and 2671-2680, authorizes suits against the United States exclusively in U.S. District Courts, for money judgments, property damage, personal injuries or death caused by United States' employees acting within the scope of their employment. This includes actions for medical malpractice. Subject to certain federal law exceptions, the local state law of torts is incorporated by reference, and the substantive law to be applied to the United States is the law of the state where the tort occurred. In this case, the medical negligence laws of Alabama apply because Richardson complains of the medical care and treatment that he received at Surgery Service, Veteran's Administration Medical Center, in

Birmingham, Alabama.

The rule in Alabama in medical malpractice cases is that to find liability there must be more than a mere possibility or one possibility among others that the negligence complained of caused the injury. *McAfee v. Baptist Medical Center*, 641 So. 2d 265 (Ala. 1994), and *Levesque v. Regional Medical Center Bd.*, 612 So. 2d 445 (Ala. 1993).

Ordinarily a plaintiff under the Alabama Medical Liability Act (*Ala. Code* § 6-5-480, Code 1975) must present expert testimony from a similarly situated health provider to illustrate (1) the appropriate standard of care, (2) a deviation in this case from that standard of care, and (3) that the deviation proximately caused the injury in this case. *Lyons v. Walker Regional Med. Ctr.*, 791 So. 2d 937, 942 (Ala. 2000). To establish negligence, "a medical malpractice plaintiff must generally present expert testimony to establish the breach of the applicable standard of care by the defendant healthcare provider." *Jones v. Bradford*, 623 So. 2d 1112, 1114-15 (Ala. 1993); *see also Monk v. Vesley*, 525 So. 2d 1364, 1365 (Ala.1988) (granting summary judgment where plaintiff did not establish negligence with expert medical testimony).

This requirement that a "plaintiff must prove negligence through the use of expert testimony," is binding unless an understanding of the doctor's alleged lack of due care or skill requires only common knowledge or experience. *Id.*  The exception applies to situations such as a foreign object left after surgery or an injury remote from the part of the body being treated. *Dews v. Mobile Infirmary Ass'n.*, 659 So. 2d 61 (Ala. 1995); *see also Rosemont, Inc. v. Marshall*, 481 So. 2d 1126, 1129-30 (Ala. 1986) (noting "[t]his exception has usually been applied under circumstances where the doctrine of res ipsa loquitor is

applicable"). Similarly, a plaintiff may also prove negligence through introduction of a recognized standard or authoritative medical text or treatise. *Rosemont*, 481 So. 2d at 1130.

A health care provider may testify as an expert witness in any action against another health care provider based on a breach of the standard of care only if he or she is "similarly situated," as defined by statute. *Ala. Code* § 6-5-548, Code 1975. This means, in part, that expert medical witnesses against a physician accused of negligence must be certified in the same specialty and must have practiced within the previous year. *Id*.

At this time, discovery has closed; the deadline for the plaintiff to disclose opinions of retained experts has come and gone; the plaintiff has disclosed no medical expert testimony establishing the requisite standards of care, breach, or proximate cause. No Rule 26 expert reports were generated by the plaintiff in accordance with the court's scheduling order, and no testimony or affidavit has been produced from any treating physicians meeting the requirements of Alabama laws to support an action for medical negligence.[2] Although Richardson and his wife trace his condition to the surgery, this court concludes that plaintiff's prima facie case of medical negligence fails as a matter of law since the alleged lack of care falls outside the realm of common knowledge or experience. There is no genuine issue of material fact and the defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

---

[2] Under the court's Rule 16(b) scheduling order, Document # 5, entered on September 24, 2001, the plaintiff was required to disclose expert testimony not later than March 1, 2002.

6

## V.    Conclusion

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 10th of October, 2002.

                                                                _____
                                                                Edwin Nelson
                                                                United States District Judge